(10 Misc. Rep. 45.)

### PEARL v. RADUZINER.

(City Court of New York, General Term.   October 23, 1894.)

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSER—PRESUMPTION.

In an action by the payee of a note against the indorser, evidence that plaintiff sold goods to defendant's wife, but refused to deliver them until defendant indorsed the note given for the price, is sufficient to overcome the presumption that plaintiff intended to become the first indorser.

Appeal from trial term.

Action by Abraham J. Pearl against Adolph Raduziner on a promissory note. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEW-BURGER, JJ.

A. H. Berrick, for appellant.

S. J. Frankenstein, for respondent.

EHRLICH, C. J. The action is on three promissory notes made by Julia Raduziner to the order of the plaintiff, and indorsed by the defendant, Adolph Raduziner, the husband of the maker. The action is ostensibly against the said Julia Raduziner and Adolph Raduziner. The latter alone defended. The complaint alleges, and on the trial the plaintiff proved, that the notes were given for goods sold to Julia Raduziner, and that the plaintiff refused to deliver up the property until Adolph Raduziner, her husband, indorsed the obligations. Thus it was clearly made to appear that the purpose of the indorsement was to give credit to the maker, and that the plaintiff, although nominally the payee in the notes, was in fact and in law a second indorser; Adolph Raduziner becoming the first indorser, primarily liable thereon. The fact that the plaintiff may have transferred the notes to another is of no consequence, for they were returned to him before suit was brought, and his former title reinstated. It was not necessary to the cause of action to allege such retransfer, because the transaction was in legal effect the same as if no transfer had ever been made by the plaintiff. The judgment is right, and must be affirmed, with costs.